EOD JAN 3 0 2001

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

JAN 29 2001

DAVID J. MALAND, CLERK
BY
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DALE WAYNE BERRY, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 1:00-CV-381 |
| EXCEL GROUP, INC., | § § | |
| Defendant. | § § | |

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION FOR LEAVE
TO FILE SECOND AMENDED COMPLAINT AS A COMPLAINT IN INTERVENTION

This matter is before the court on Defendant's motion for summary judgment filed on October 31, 2000 and Plaintiff's motion for leave to file his second amended complaint as a complaint in intervention, filed on November 13, 2000. Upon consideration of the motions, accompanying briefs, responses, replies, and applicable law, the court is of the opinion that Defendant's motion should be GRANTED, and Plaintiff's motion should be DENIED.

I. SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses.[1] Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict

---

[1] See Celotex Corp. v. Catrett, 477 U.S. 317, 327 (1986).

[2] Fed. R. Civ. P. 56(c).

36

for the nonmoving party."[3] The substantive law identifies which facts are material.[4] The party moving for summary judgment has the burden to show that there is no genuine issue of fact and that it is entitled to judgment as a matter of law.[5] If the movant bears the burden of proof on a claim or defense on which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense."[6] But if the nonmovant bears the burden of proof, the movant may discharge its burden by showing that there is an absence of evidence to support the nonmovant's case.[7] In this instance, the movant is not required to offer evidence to negate the nonmovant's claims.[8] Once the movant has carried its burden, the nonmovant "must set forth specific facts showing that there is a genuine issue for trial."[9] The nonmovant must adduce affirmative evidence.[10]

Summary judgment evidence is subject to the same rules that govern admissibility of evidence at trial.[11] In considering a motion for summary judgment, the court cannot make credibility determinations, weigh evidence, or draw inferences for the movant.[12] The evidence of the

---

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[4] *See id.* at 248.

[5] *See id.* at 247.

[6] *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).

[7] *See Celotex*, 477 U.S. at 325.

[8] *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885-86 (1990).

[9] Fed. R. Civ. P. 56(e).

[10] *See Anderson*, 477 U.S. at 257.

[11] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 175-76 (5th Cir. 1990).

[12] *See Anderson*, 477 U.S. at 255.

nonmovant, however, is to be believed, and all justifiable inferences are to be drawn in the nonmovant's favor.[13]

## II. ANALYSIS

Plaintiff contends that the per diem he received should have been included to increase his regular rate of pay for overtime purposes. However, the Fair Labor Standards Act (FLSA) specifically excludes remuneration for reasonable travel expenses.[14] 29 U.S.C. § 207(e) states:

> As used in this section the "regular rate" at which an employee is employed shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee, but shall not be deemed to include–
> . . .
> (2) reasonable payments for traveling expenses, or other expenses, incurred by an employee in the furtherance of his employer's interests and properly reimbursable by the employer; and other similar payments to an employee which are not made as compensation for his hours of employment.[15]

The regulation interpreting that statute confirms this court's interpretation of the statute.

> General rule. Where an employee incurs expenses on his employer's behalf or where he is required to expend sums solely by reason of action taken for the convenience of his employer, section [207](e)(2) is applicable to reimbursement for such expenses. Payments made by the employer to cover such expenses are not included in the employee's regular rate (if the amount of the reimbursement reasonably approximates the expenses incurred). Such payment is not compensation for services rendered by the employees during any hours worked in the work-week.[16]

Plaintiff relies on an illustration in 29 C.F.R. § 778.217 in contending that home-to-work travel expenses can only be excluded from the regular rate if they were incurred:

---

[13]*See id.*

[14]29 U.S.C. §§ 201-219 (1998 & Supp. 2000).

[15]*See* 29 U.S.C. § 207(e) (1998).

[16]29 C.F.R. § 778.217(a) (2000). This interpretation is also consistent with *Brennan v. Padre Drilling Co.*, 359 F. Supp. 462 (S.D. Tex. 1973) (finding that a per diem was properly excluded from the regular rate).

3

> (i) because the employer has moved the plant to another town before the employee has had an opportunity to find living quarters at the new location or (ii) because the employee, on a particular occasion, is required to report for work at a place other than his regular workplace.[17]

However, the regulation makes it very clear that the examples given are for illustrative purposes only. Indeed, the examples which are labeled "Illustrations" are followed by, "The foregoing list is intended to be illustrative rather than exhaustive."[18]

There are no genuine questions of material fact in this case. It is undisputed that Plaintiff represented to Defendant on his employment application that he resided in Brookeland, Texas. Whether he commuted over 200 miles round trip each day or found temporary living accommodations near the job site, the payment of a per diem by Defendant to Plaintiff was a reimbursement that reasonably approximates the expenses incurred. Therefore, the reimbursement was properly excluded from the regular rate, and Plaintiff's FLSA claim is unsupportable as a matter of law. Defendant's motion for summary judgment is GRANTED.

In his second amended complaint, Plaintiff purports to add fraud and negligence claims. However, those claims are not yet ripe for the same reasons discussed in a previous order of this court in a companion case.[19] Ed Picton seeks to intervene by way of Plaintiff's second amended complaint. Yet, the complaint contains no allegations as to when Mr. Picton worked or when he filed his taxes, which would be relevant to the same ripeness determination as well as the substance of Mr. Picton's claims. For those reasons, and because Plaintiff no longer has any meritorious claims, Plaintiff's motion for leave to amend his complaint as submitted is DENIED, and the

---

[17] 29 C.F.R. § 778.217(b)(5) (2000).

[18] 29 C.F.R. § 778.217(b) (2000).

[19] See Washington v. Phillip/SECO Indus., Inc., 116 F. Supp. 2d. 776 (E.D. Tex. 2000).

intervention sought by Mr. Picton is DENIED. If Mr. Picton has valid claims, he may pursue them in a separate suit. It is so ORDERED.

SIGNED this the 29th day of January, 2001.

*Richard A. Schell*
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE